(NOTE:   The following protests, covered by Abstract 58161, were decided by a special first division consisting of OLIVER, MOLLISON, and RAO, Judges.)

**No. 58161.**—American Express Company and Hermes of Paris, Inc. *v.* United States, protests 175222–K and 200220–K (New York).

OLIVER, Chief Judge:   This case relates to merchandise variously described on the invoices as "Diary covers L. S.," "Diary covers S. S.," and "Covers for diary small size, box calf."   The collector assessed duty at the rate of 25 per centum ad valorem under the provision for "flat leather goods" in paragraph 1531 of the Tariff Act of 1930, as modified by T. D. 51802, which, so far as pertinent, reads as follows:

Coin purses, change purses, billfolds, bill cases, bill rolls, bill purses, bank-note cases, currency cases, money cases, cardcases, license cases, pass cases, passport cases, letter cases, and similar flat leather goods   *   *   *.

Plaintiffs claim that the merchandise is properly dutiable at only 15 per centum ad valorem under the provision in paragraph 1410 of the Tariff Act of 1930, as amended by T. D. 52373, supplemented by T. D. 52476, for "Book covers (not including bindings) wholly or in part of leather, not specially provided for."

A sample of the merchandise in question is in evidence (plaintiffs' illustrative exhibit 1).   It is composed of red leather, 3¾ inches long and 2¾ inches wide, that is folded in the middle, giving the article the form of a leather case.   Inside the cover and on each side is a pocket, convenient for holding business cards.   A piece of wire, hooked at each end, is fitted inside the leather case at the center and used to hook in an insert, such as a diary, memorandum, book, or the like.   Protruding from the two sides (two on one side and one on the other) are slots, formed with small pieces of leather, in which a small pencil may be inserted.

Two witnesses appeared on behalf of plaintiffs.   Their combined testimony is to the effect that the articles in question are used in conjunction with a filler, "an appointment book" (plaintiffs' collective illustrative exhibit 2).   Plaintiffs'

witness, Savoy, a salesman in the stationery business for 17 years, testified (and his statements are supported by the sample in evidence) that the leather case under consideration "is specifically made to hold this filler here [collective illustrative exhibit 2, *supra*]; it has the hooks and it fits in exactly * * * . It is specifically made to cover this appointment book."

Determination of the present issue depends on whether the rule of construction commonly known as *ejusdem generis* has application. If that principle does apply, then the collector's classification must be upheld, and plaintiffs' claim, which can be invoked only if the merchandise is "not specially provided for," becomes untenable. Applying the said doctrine to the articles designated in said modified paragraph, it can be said that the items specifically enumerated therein contemplate classes of articles designed to be carried about the person and convenient for holding either money or personal cards or papers. We find that the articles in question are within that general category, and, in reaching the conclusion, the sample in evidence, illustrative exhibit 1, *supra*, is most persuasive. Samples are potent witnesses. *United States* v. *May Department Stores Co.*, 16 Ct. Cust. Appls. 353, T. D. 43090; *United States* v. *Bernard, Judae & Co.*, 18 C. C. P. A. (Customs) 68, T. D. 44029; *United States* v. *The Halle Bros. Co.*, 20 C. C. P. A. (Customs) 219, T. D. 45995.

The articles under consideration are unquestionably composed of leather and are flat. These leather cases are designed to be carried about the person. They are exclusively used to hold an insert, such as a diary, an address book, or, as the witnesses preferred to characterize it, "an appointment book." The pockets on each side are suitable cardcases, a feature that lends support to the conclusion that the present merchandise is within the classes of articles named in said modified paragraph 1531.

For all of the reasons hereinabove set forth, we hold that the leather cases in question are within the type of merchandise contemplated by the provision for "similar flat leather goods" in paragraph 1531, as modified, *supra*, and dutiable at the rate of 25 per centum ad valorem, as assessed by the collector.

The protests are overruled and judgment will be rendered accordingly.